**TRANSPORTATION**

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY —
TAXATION — REGIONAL TRANSIT TAX NOT PERMITTED
UNDER CURRENT LAW**


October 20, 1994

*The Honorable Ellen R. Sauerbrey*
*House of Delegates*

You have requested our opinion concerning the legality of a regional transit tax recently proposed by mayoral candidate Marion Barry to help pay for Metro bus and rail service. Because Mr. Barry has not spelled out the details of how he would seek to impose such a tax, we are unable to give a definitive opinion. However, it is our opinion that a regional transit tax could not be imposed in Maryland under current law.

**I**

**Background**

The Metro system is operated by the Washington Metropolitan Area Transit Authority ("WMATA" or "the Authority"), which was created as a regional instrumentality, and as a common agency of each signatory party, by a compact entered into between Maryland, Virginia, and the District of Columbia, and consented to by Congress. This compact, which is found at §10-204 of the Transportation ("TR") Article, Maryland Code, provides for WMATA to prepare and adopt a plan for financing the construction, acquisition, and operation of facilities. This plan constitutes "a proposal to the interested governments for financial participation and shall not impose any obligation on any government and such obligations shall be created only as provided in §18 ...." Compact §17(b). Section 18(b) provides that "[c]ommitments on behalf of the portion of the zone located in Maryland shall be by contract or agreement by" the Authority with the Washington Suburban Transit District ("WSTD").

The WSTD was created by statute in the same year as WMATA. *See* Chapter 870, Laws of Maryland 1965. The WSTD

law is codified in Chapter 87 of the Montgomery County Code and Part III of the Prince George's County Code.

The WSTD is authorized to enter into contracts with the Authority to cover construction, debt service, and operating expenses.  §87-12 of the Montgomery County Code.[1]  The law provides that Montgomery and Prince George's Counties are to guarantee the obligations imposed on the WSTD.  §87-13.

## II

### Subsidizing Metro's Deficits

The obligations of the WSTD can be funded by county taxes. Montgomery and Prince George's Counties may "levy any tax which they are authorized to levy and use any available revenues or funds" to meet their guarantees. §87-14(b). Any obligations not covered by available funds or other taxes are to be covered by a tax on all assessable property within the WSTD. §87-14(a). In fact, however, the State currently funds 100% of the WSTD's obligation. *See* TR §10-205. In particular, the State pays 100 percent of the portion of the Authority's operating deficit "for which the [Washington Suburban Transit] District is responsible." TR §10-205(b). But the State does not defray − and, without a change in the law, could not defray − costs for which the WSTD is *not* responsible.  These include operating deficits for which the District of Columbia, not the WSTD, is responsible.

The costs of the system presently are apportioned among the participating jurisdictions based on population, ridership, and the number of stations.[2]  A regional transit tax would replace or offset this funding system with a tax that would apply evenly across the region.  Previous discussions of a regional transit tax have centered

---

[1] To avoid repetition, we shall cite only the Montgomery County Code.  The same language appears in the Prince George's County Code.

[2] A *Washington Post* article listed the proposed fiscal year 1994 subsidies as follows:  District of Columbia − $125,000,000; Montgomery − $44,800,000;  Prince George's − $41,300,000;  Alexandria − $13,600,000; Arlington − $1,000,000; and Fairfax County − $48,800,000. *Proposed Metro Budget Seeks Higher Subsidies*, January 8, 1993.

on a gasoline tax, the proceeds of which would be dedicated to Metro funding.

Article 14 of the Maryland Declaration of Rights requires "the consent of the Legislature" to any tax. The WSTD itself has no authority under current law to impose a tax, or to agree to the Authority's imposing a tax. Nor do the counties have authority to levy a new form of tax for this purpose. Hence, a regional transit tax − for example, a gasoline tax applicable in Prince George's and Montgomery Counties only, with the proceeds dedicated to fund the WSTD's obligation to the Authority − would require a change in statute, either to impose the tax or to authorize the counties to do so. It could not be done under current law.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Kathryn M. Rowe
> *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*